1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   JACOB EASLEY,                           CASE NO. C13-1637JLR

11                   Plaintiff,              ORDER ADOPTING REPORT
                                             AND RECOMMENDATION
12          v.

13   CAROLYN COLVIN,

14                   Defendant.

15                          I.    INTRODUCTION

16          This matter comes before the court on the Report and Recommendation ("R&R")

17   of United States Magistrate Judge Mary Alice Theiler (R&R (Dkt. # 20)) and Plaintiff

18   Jacob Easley's objections thereto (Objections (Dkt. # 21)).  This is a social security

19   appeal.  Having reviewed all of the foregoing, along with all other relevant documents,

20   the governing law, and the record in this case, the court ADOPTS the R&R and

21   AFFIRMS the decision of the Administrative Law Judge ("ALJ").

22

ORDER- 1

## II.   BACKGROUND

1

2          Mr. Easley applied for and was denied social security benefits.  (R&R at 1.)  He

3   applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income

4   ("SSI").  (*Id.*)  The Commissioner of the Social Security Administration

5   ("Commissioner") denied his applications initially and on reconsideration, and again after

6   a hearing before an ALJ.  (*Id.* at 1-2.)

7          Mr. Easley was born in 1984.  (*Id.* at 1.)  He has a GED and, in the past, has

8   worked as a stock clerk, a cashier, a car washer, and a kitchen helper.  (*Id.* at 1-2.)  He

9   suffers from major depressive disorder, anxiety disorder, pain disorder associated with

10  psychological factors, avoidant, dependent and borderline traits, opioid dependence,

11  epilepsy, degenerative disk disease, facet arthritis, and osteoarthritis.  (*Id.* at 2-3.)

12         At Mr. Easley's hearing, the ALJ found that Mr. Easley was not entitled to DIB or

13  SSI benefits.  Specifically, the ALJ found that Mr. Easley could perform some of his past

14  relevant work.  (*Id.* at 3.)  In the alternative, the ALJ found that Mr. Easley could perform

15  other work that exists in significant levels in the national economy such as mail clerk and

16  counter clerk.  (*Id.* at 3-4.)  As such, the ALJ concluded that an award of benefits was not

17  appropriate.  (*Id.*)  Mr. Easley timely appealed to this court, whereupon Magistrate Judge

18  Theiler issued a comprehensive R&R recommending that the ALJ's decision be affirmed.

19  (*See* R&R.)  Mr. Easley objected to the R&R.  (*See* Objections.)

## III.   STANDARD OF REVIEW

20

21         A district court has jurisdiction to review a Magistrate Judge's report and

22  recommendation on dispositive matters.  Fed. R. Civ. P. 72(b).  "The district judge must

1   determine de novo any part of the magistrate judge's disposition that has been properly

2   objected to."  *Id.*  "A judge of the court may accept, reject, or modify, in whole or in part,

3   the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

4   The court reviews de novo those portions of the report and recommendation to which

5   specific written objection is made.  *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121

6   (9th Cir. 2003) (en banc).  "The statute makes it clear that the district judge must review

7   the magistrate judge's findings and recommendations de novo if objection is made, but

8   not otherwise."  *Id.*

9       Although review of an R&R is de novo, the court must defer to the ALJ's factual

10  findings and may set aside the Commissioner's denial of social security benefits only if

11  the ALJ's findings are based on legal error or not supported by substantial evidence in the

12  record.  42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  In

13  this way, the court's review of the R&R is different from the court's review of the

14  underlying decision of the ALJ.  With respect to the underlying decision, the court must

15  examine the record as a whole and may not reweigh the evidence or substitute its

16  judgment for that of the Commissioner.  *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir.

17  2002).  The ALJ determines credibility, resolves conflicts in medical testimony, and

18  resolves any other ambiguities that may exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039

19  (9th Cir. 1995).  When the evidence is susceptible to more than one rational

20  interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278 F.3d at 954.

21

22

# IV.   DISCUSSION

Magistrate Judge Theiler recommended affirming the decision of the ALJ.  (*See* R&R.)  In the R&R, Magistrate Judge Theiler addressed all of Mr. Easley's primary contentions on appeal.  Specifically, she addressed Mr. Easley's argument that the ALJ failed to properly credit the testimony of Dr. Christmas Covell, a non-examining State agency medical consultant.  (*See id.* at 5.)  First, Magistrate Judge Theiler addressed Mr. Easley's "distraction to others" argument.  Magistrate Judge Theiler pointed out that Dr. Covell and the ALJ did not seriously differ in their descriptions of the pertinent facts related to Mr. Easley being a possible distraction to others in a workplace setting.  (*Id.* at 6.)  Instead, they differed only in their interpretations of those facts.  (*Id.*)  Magistrate Judge Theiler then concluded that Plaintiff had made no showing at all that the ALJ's conclusions on this issue were unreasonable, unfounded in evidence, or otherwise in error.  (*Id.* at 6-7.)  She also concluded that any error, if there was any, was harmless. (*Id.*)

Next, Magistrate Judge Theiler addressed Mr. Easley's "difficulty with attendance and persistence" argument.  (*Id.* at 7.)  She pointed out that there is actually no inconsistency between the ALJ and Dr. Covell on this issue.  (*Id.*)  Thus, the only relevant inquiry is whether the ALJ's conclusions were reasonable and supported by substantial evidence.  (*Id.*)  Magistrate Judge Theiler found that they were, declining Mr. Easley's invitation to reweigh the evidence and make post-hoc credibility determinations. (*Id.* at 7-8.)

1    The court can find no error in Magistrate Judge Theiler's R&R or in the ALJ's

2    findings.  Indeed, none of Mr. Easley's objections raise any novel issues that were not

3    addressed by the R&R.  Moreover, the court has thoroughly examined the record before it

4    and finds the Magistrate Judge's reasoning persuasive in light of that record.  Mr. Easley

5    simply reargues the arguments he made to Magistrate Judge Theiler, and the court

6    independently rejects them for the same reasons as Magistrate Judge Theiler.

7    The court has reviewed the record and concludes that substantial evidence supports all of

8    the ALJ's findings and that there is no legal or factual error that would support reversing

9    the ALJ or otherwise disagreeing with Magistrate Judge Theiler.  *See* 42 U.S.C. § 405(g);

10   *Bayliss*, 427 F.3d at 1214.

11   In his objections, Mr. Easley essentially asks the court to reweigh the evidence and

12   reach a different conclusion than the ALJ on several points of fact.  However, the court

13   must defer to the ALJ's findings, 42 U.S.C. § 405(g); *Bayliss*, 427 F.3d at 1214, and may

14   not reweigh the evidence or substitute its judgment for that of the Commissioner,

15   *Thomas*, 278 F.3d at 954.  Mr. Easley in effect asks the court to resolve conflicts in

16   medical testimony in a different manner than the ALJ did, but this would be

17   inappropriate.  *Andrews*, 53 F.3d at 1039.  When the evidence is susceptible to more than

18   one rational interpretation, the court must uphold the ALJ's conclusion.  *Thomas*, 278

19   F.3d at 954.

20   //

21   //

22   //

ORDER- 5

## V.   CONCLUSION

For the foregoing reasons, the court hereby ORDERS as follows:

(1) The court ADOPTS the R&R (Dkt. # 20) in its entirety;

(2) The court AFFIRMS the decision of the Commissioner; and

(3) The court DIRECTS the Clerk to send copies of this Order to all counsel and to

Magistrate Judge Theiler.

Dated this 13th day of June, 2014.

JAMES L. ROBART
United States District Judge

ORDER- 6